# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3982 | **DATE** | 8/07/08 |
| **CASE TITLE** | Nelson C. Thomas (R-01178) v. Office of the Mayor of Maywood, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer to deduct $ 7.78 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Dixon Correctional Center. The Court dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee. The Clerk shall send Plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order.

■ [For further details see text below.]                                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff Nelson C. Thomas is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 7.78. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. §1983. He alleges that detectives of the Maywood Police Department arrested him in violation of his Fourth Amendment right to be protected from unreasonable search and seizure and his Fifth Amendment right to be protected from self-incrimination by forcing him to confess to a crime in which he had no involvement. He alleges that the Mayor of Maywood and the Maywood Police Department are responsible for the professional performance or lack thereof of these detectives. Plaintiff alleges that the Office of the State's Attorney of Cook County maliciously prosecuted him and that the Public Defender failed to effectively represent him. Plaintiff claims that both the Cook County Department of Corrections and the Illinois Department of Corrections have wrongfully imprisoned him. Plaintiff seeks money damages.

|  | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. . . . .

Plaintiff's various claims as to the Office of the State's Attorney of Cook County and the Public Defender implicate the validity of his conviction and are therefore barred under *Heck*. He may not seek money damages for his alleged unlawful conviction until such time as his conviction has been negated in some manner.

A claim of malicious prosecution is not actionable in federal court. Because Plaintiff has a state-law remedy, there is no constitutional tort for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.), *rehearing and rehearing en banc denied*, 260 F.3d 824 (7th Cir. 2001).

Plaintiff has no claim against the Cook County Department of Corrections for wrongful imprisonment. The Illinois County Jail Act, 730 ILCS § 125/4, requires a jail to "receive and confine in such jail, until discharged by due course of law, all persons committed to such jail by any competent authority." The CCDOC was acting as a custodian of Plaintiff and could not release him until a court ordered his release. *See Perez-Garcia v. Village of Mundelein*, 2005 WL 991783 (N.D.Ill.) (Conlon, J.), *citing Weinmann v. County of Kane*, 150 Ill.App.3d 962, 104 Ill.Dec. 110, 502 N.E.2d 373 (2nd Dist.1986). Likewise, the Illinois Department of Corrections could not release Plaintiff without a court order. Moreover, even if Plaintiff's conviction were overturned, he would not be entitled to hold his custodians liable in damages for his incarceration. *See Joyner v. Elrod*, 1985 WL 588 (N.D. Ill. 1985) *citing Duncan v. Nelson*, 466 F.2d 939, 942 (7th Cir. 1972).

However, Plaintiff claims that his arrest was unlawful. Depending on when he was arrested, he may have a colorable claim. In Illinois, the statute of limitations for all Section 1983 claims is two years. 735 ILCS 5/13-202 (2006); *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). The statute of limitations begins to run for an action alleging an unlawful arrest when the events allegedly happened. *Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 127 S. Ct. 1091 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody). According to the website of the Illinois Department of Corrections, Plaintiff was committed to the custody of the IDOC on March 29, 2003. It appears that Plaintiff was arrested more than two years before he lodged this action on July 14, 2008. Nonetheless, the Court will give Plaintiff an opportunity to submit an amended complaint naming the detectives who allegedly arrested him without probable cause and to demonstrate that his cause of action against the detectives is timely.

**STATEMENT**

The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.